**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Henry WASSERMAN, aka Seal B,**
**Henry Vasserman, Henry Khodar,**
**Defendant—Appellee.**

No. 03–50238.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 1, 2004.

---

Eileen M. Decker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Ronald N. Richards, Law Office of Ronald Richards Associates, Beverly Hills, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM *

The government appeals the district court's order dismissing a 51–count criminal indictment as a sanction for the government's refusal to answer 7 of 26 defense interrogatories about the government's investigation of the defendant's counsel.

In determining whether or not to dismiss an indictment as a sanction for discovery violations, the district court must examine whether the defendant was substantially prejudiced by the failure to comply with the discovery order and whether other sanctions would be inadequate. *See United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *United States v. Lopez*, 4 F.3d 1455, 1464 (9th Cir.1993). The district court in this case focused on the original government conduct that gave rise to the discovery request. The record does not provide us with any explanation of why the government should have provided responses to these particular questions that appear, at least on their face, to be less related to the purposes of the discovery than the questions the government did answer. Nor does the record demonstrate that Wasserman was substantially prejudiced in his defense. Accordingly, we are unable to uphold the ultimate sanction of dismissal of the entire indictment for a refusal to comply with a part of a discovery request.

The district court's dismissal is reversed and the matter is remanded with instructions to reinstate the indictment.

REVERSED and REMANDED with instructions.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.